WARNER v. CITY OF MUSKEGON.

1. Appeal and Error—Injunction—De Novo Hearing by Supreme Court.

A suit to enjoin a city from enforcing its zoning ordinance as to plaintiff's property is heard *de novo* by the Supreme Court, based on the record.

2. Municipal Corporations—Zoning Ordinance—Reasonableness.

Each case involving the reasonableness of a municipal zoning ordinance must be determined on its own facts, the reasonableness of the ordinance being the test of its legality.

References for Points in Headnotes

[1] 3 Am Jur, Appeal and Error §§ 815, 895.
[2] 58 Am Jur, Zoning §§ 21, 22.
[2, 3] Zoning: Creation by statute or ordinance of restricted residence districts from which business buildings or multiple residences are excluded. 19 ALR 1395; 33 ALR 287; 38 ALR 1496; 43 ALR 668; 54 ALR 1030; 86 ALR 659; 117 ALR 1117.
[3] 58 Am Jur, Zoning §§ 21, 22, 26.

3. SAME—ZONING ORDINANCE—RESIDENCE USE—COMMERCIAL USE—
    VALUE.

> Municipal ordinance, zoning 2 parcels of land owned by plaintiffs
> as residential, *held,* not thereby to advance the public health,
> safety and general welfare and to have been unreasonable,
> confiscatory and illegal, where it appears they were across
> alley from rear of commercially-zoned territory, they were
> unsuitable and one was virtually worthless for residential
> purposes, both were much more valuable for uses incident to
> plaintiff's business located across the alley and they were
> needed by plaintiff in their expanding moving business for
> storage of trucks and equipment.

Appeal from Muskegon; Beers (Henry L.), J. Submitted October 14, 1955. (Docket No. 70, Calendar No. 46,560.) Decided December 28, 1955.

Bill by Elmer E. Warner and Henry L. Schuitema, copartners, doing business as Warner & Schuitema Transfer Company, against the City of Muskegon, a municipal corporation, to have zoning ordinance declared void as to their property and to restrain prosecution thereunder. Bill dismissed. Plaintiffs appeal. Reversed and decree ordered entered.

*Alexis J. Rogoski* and *Robert Bunker Rogoski,* for plaintiffs.

*Edward C. Farmer,* City Attorney, and *H. Winston Hathaway,* Assistant City Attorney, for defendant.

BOYLES, J. Plaintiffs filed the bill of complaint in this case in the circuit court for Muskegon county in chancery, asking for a decree that a certain zoning ordinance of the defendant city of Muskegon be declared unconstitutional and void insofar as it attempts to classify certain property of the plaintiffs as residential, and for an injunction to restrain the defendant city and its officials from prosecuting an

action presently pending in the municipal court
for the city charging plaintiffs with violation of said
ordinance. The trial judge, after receiving exhibits
and hearing testimony, entered a decree dismissing
the bill of complaint. Plaintiffs appeal.

We hear the case *de novo,* based on the record.
In determining the reasonableness of a zoning ordi-
nance, each case must be determined on its own facts.
The ordinance must be reasonable and its reason-
ableness becomes the test of its legality. *Moreland*
v. *Armstrong,* 297 Mich 32.

The following plat shows the situation:

Laketon avenue in Muskegon is a main-traveled
street running approximately east and west. It is
intersected by Terrace street running approximately
north and south, and the property here in question
is located in the block lying southeast of the inter-

section. Property on the north side of this block, fronting on Laketon avenue, is zoned commercial and used for commercial purposes. On that row, the commercial buildings, for 2 blocks east and west and about 130 feet in depth south from Laketon avenue, include a building owned by the plaintiffs, known as Diamond T trucks, used by them for sales, storage and servicing of their trucks and equipment, and also another building owned by plaintiffs for warehouse and office purposes. South of and at the rear of said row of commercial buildings is an alley running easterly from Terrace street. The property here in question, owned and used by plaintiffs in their business and designated in the record as parcels A and D, is immediately adjacent to and along said alley for several hundred feet. The only public street outlet for this property is west at Terrace street. Otherwise, the outlet to this property is on the above-mentioned east and west alley which plaintiffs' parcel A adjoins on the south, and another alley running north and south alongside of and adjacent to the easterly part of plaintiffs' parcel D, consisting of an oblong piece of land used for parking and storing of plaintiffs' trucks and equipment. Its only outlet is by the 2 dirt alleys above referred to.

Plaintiffs have been in the storage, hauling and long-distance moving business for upwards of 20 years and use all of said property for their vehicles and moving equipment. They first acquired record title of the property on Laketon avenue which they have been using in said business in 1940, having previously held it under contract to purchase. At that time it was vacant property. They constructed 2 units on this property on Laketon avenue, in about 1934 and 1938. The Diamond T garage lot was acquired in 1949. Parcels A and D were acquired in 1952, unimproved.

The defendant city adopted the zoning ordinance here in question, effective January 20, 1953. It expressly repeals an earlier ordinance adopted in 1925 which was referred to and apparently relied upon to some extent by the defendant city in this case. However, it has no force now. The new ordinance zones plaintiffs' parcels A and D as residential, thus depriving plaintiffs of their use in their business. After plaintiffs had unsuccessfully attempted to have the city rescind said action, and after a prosecution had been started against plaintiffs in municipal court for violation of the ordinance, the instant bill of complaint was filed by plaintiffs attacking the validity of said ordinance as applied to plaintiffs' parcels A and D.

The only question here for determination is whether, as claimed by plaintiffs-appellants, said ordinance is unreasonable, arbitrary and void as applied to said parcels A and D. Does said ordinance, as applied to said parcels, have a reasonable relation to public safety, health and general welfare? The 2 parcels in question are vacant, unimproved property, adjacent to dirt alleys. Their use is essential to the plaintiffs for storing and parking of vehicles and equipment in their business of storage, hauling and long-distance moving. Parcel D is virtually landlocked insofar as it may be used for residential purposes. Parcels A and D lie behind and at the rear of a row of buildings fronting on Laketon avenue zoned commercial and used for commercial purposes.

Plaintiffs' witnesses showed that the best and most profitable use to which parcels A and D could be devoted would be for business or commercial purposes, that neither one had any substantial value for residential purposes; and that it would be financially unsound to develop them for residences. There was testimony that their best use would be for parking

and storage of vehicles, and that the value of their use for those purposes would be several times their value for residential purposes. There was testimony that there was only a remote possibility of finding purchasers for said property for residential purposes, except to be used as vehicle-parking places, or for garden, or play yard. It was shown that plaintiffs' business had been growing rapidly and that they had no opportunity to expand their business, to overcome the effect if these parcels were taken from their use. It is a fair inference, from the testimony, that said property would be unsuitable and almost worthless for residential purposes.

The record here shows a situation quite like that brought to this Court in *Ervin Acceptance Co. v. City of Ann Arbor,* 322 Mich 404, wherein this Court held that the ordinance there in question, as applied to the plaintiff's property, was unreasonable, confiscatory and, therefore, illegal. The same ruling should apply here.

Under recent decisions of this Court, we hold that the ordinance here in question, as applied to plaintiffs' parcels A and D, does not advance the public health, safety and general welfare of the people. See *Senefsky* v. *City of Huntington Woods,* 307 Mich 728; *Fenner* v. *City of Muskegon,* 331 Mich 732; *Redford Moving & Storage Co.* v. *City of Detroit,* 336 Mich 702.

Reversed. Decree for plaintiffs may be entered in accordance with this opinion, with costs to appellants.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.