Howard T. Hogan, J.
This is a proceeding brought under article 78 of the Civil Practice Act, to review a determination of the building inspector and the Board of Zoning Appeals of the Town of Hempstead which denied petitioner a building permit to erect a one-family residence on a substandard lot, 40 feet wide and 80 feet in depth. Petitioner claims that its lot has been in single and separate ownership since 1909, that in 1930 the minimum dimensions for a lot in this particular district was set at 40 feet in width, with an area of not less than 4,000 square feet. In 1951 these minimum dimensions were increased to a width of 55 feet and an area of 6,000 square feet, provision being made at that time to except lots then held in single and separate ownership and meeting the former mirnmum requirements of 40-foot widths and 4,000 square foot areas.
This petition must be and is dismissed, first on the ground that the original application for a building permit was defective, and second, because petitioner has failed to substantiate by competent proof his allegation that the property has been in single and separate ownership since 1909. Where this becomes an issue it should be met by the production of deeds, by a certified title search, which will include all the contiguous properties, or other competent proof. The petitioner may renew its application in accordance with the above, at any time. If a rehearing is had the board, in making any determination which the court may be called upon to review, must make findings which are sufficient to inform the court and the parties *471 as to the findings made and the basis for such findings (Matter of Moudis v. Macduff, 286 App. Div. 485).
Because of a statement made in the answering affidavit of one of the respondent board members, the court deems it proper to comment upon a problem which has troubled many boards in the past and which will recur upon a renewal of this application. The board member said: “ Certainly, the line must be drawn somewhere in connection with the right to build on undersized parcels.”
When a municipal legislative body divides a town or village into districts and prescribes the minimum land dimensions for particular uses in such districts, it does so with at least constructive notice of the existence therein of every substandard parcel held in single, separate ownership. It is under an absolute duty to make adequate provisions for such parcels. While it can limit their use, it cannot render them useless. True, a line always exists beyond which the erection of a dwelling, or place of business, or any other use of a substandard lot may have become detrimental to the general welfare, but in such eases the municipality is bound to compensate the owner if it proposes, in the public interest, to bar his property from any practical use for which it might be suited. It cannot compel him to sell to an adjoining owner nor can it require him to purchase additional contiguous property, if such is available. Bather, it must itself acquire the property by purchase or condemnation since, in effect, it is taking it for a public purpose. Power to do so is found in subdivision 2 of section 64 of the Town Law, and in subdivision 35-a of section 89 of the Village Law.
Any complete sterilization of private property by legislative fiat without compensation to the owner is confiscatory and violative of article I (§ 7, subd. [a]) of the New York State Constitution and the Fifth Amendment of the United States Constitution.