Mario Pittoni, J.
The petitioner has brought this proceeding pursuant to article 78 of the Civil Practice Act, to review and reverse the decision of the respondent board denying a variance from the Building Zone Ordinance of the Town of Oyster Bay.
Prior to 1929, the subject property was not governed by any building zone ordinance. That year the town adopted its initial ' zoning ordinance and zoning map which provided that no one-family dwelling could be erected in the area unless the parcel upon which the dwelling was to be erected had at least 4,000 square feet and 40 feet frontage. Thereafter, in 1953, the ordinance was amended and now provides that no building shall be erected in the area on a lot having less than 7,000 square feet and 70 feet frontage.
The petitioner owns the vacant subject property which is 40 feet wide and 100 feet deep. It appears that on August 2, 1928 the property was conveyed as a 40 feet by 100 feet plot by Anita Carien to Anchor Developers, Inc. Neither before nor after did Anchor Developers, Inc. nor its predecessors ever own any adjoining property. In 1932 Anchor Developers, Inc. sold half of the property to Lartie Green and the other half to Christine Anderson. The property continued in this ownership by Green and Anderson until September 30, 1958 when these two owners conveyed the property to the petitioner. In 1959 the petitioner applied to the Building Department of the town for a building permit, but it was denied upon the ground that the parcel did not contain 7,000 square feet and 70 feet frontage, as required by the ordinance. Thereafter, the petitioner appealed to the respondent board and requested a reversal of the decision of the Building Department; but the application was denied.
The respondent board sets forth no finding of fact to sustain its determination. It is fundamental that an administrative body must make findings of facts which show the actual grounds of a decision in order to have an intelligent judicial review of an administrative determination (Matter of Gilbert v. Stevens, 284 App. Div. 1016; Matter of Gerling v. Board of Zoning Appeals, 6 A D 2d 247; Matter of Lemir Realty Corp. v. Larkin, 8 A D 2d 970 [2d Dept.]).
*177 The board, in its answer to the present article 78 petition, states that the splitting up of the subject parcel in 1932 and the selling of the two separate lots to two separate owners warrant the denial of the application. However, the board has submitted no brief or memorandum of law to sustain its position. The answer goes on to say that “ The Board cannot close its eyes to the fact that an associate corporation of the petitioner has control or ownership of the vacant 40 foot parcel immediately adjoining the subject plot so that a practical escape is available to petitioner from their self created difficulties ”. Again, there is no memorandum or brief to sustain this position outside the bare statement thereof, and there is no explanation as to what is meant by an associate corporation.
It is fundamental under the Constitutions of the United States and of the State of New York that the protection against deprivation of property without due process of law extends not only to the ownership of property but also to the incidents of ownership, such as the right to use, sell, convey or otherwise dispose. It is also fundamental that an ordinance is arbitrary and unreasonable when it precludes the use of property for any purpose for which it is reasonably adapted. (Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493.)
Thus, the ordinance is invalid with regard to parcels of lesser dimensions which were held in single and separate ownership prior to the effective date of the ordinance. (Matter of Long Is. Land Research Bur. v. Young, 7 Misc 2d 469, 471 [Hogan, J.] ; Matter of Waldorf v. Coffey, 5 Misc 2d 80.)
In the Long Is. Land Research Bur. case, Mr. Justice Hogan said (p. 471): “ When a municipal legislative body divides a town or village into districts and prescribes the miuirrmm land dimensions for particular uses in such districts, it does so with at least constructive notice of the existence therein of every substandard parcel held in single, separate ownership. It is under an absolute duty to make adequate provisions for such parcels. While it can limit their use, it cannot render them useless. True, a line always exists beyond which the erection of a dwelling, or place of business, or any other use of a substandard lot may have become detrimental to the general welfare, but in such cases the municipality is bound to compensate the owner if it proposes, in the public interest, to bar his property from any practical use for which it might be suited. It cannot compel him to sell to an adjoining owner nor can it require him to purchase additional contiguous property, if such is available.”
*178 And in the Walclorf case Mr. Justice Hogan said (pp. 82-83): “ Unquestionably, however, a board of appeals may, in a proper case, determine that a plot is too small or too irregular in shape to be used for a particular purpose, and that the public interest requires that such use be forbidden. But the result of such determination, if no other reasonable use for the property remains, is a taking of private property for a public use. This court has had occasion to point out recently in Matter of Long Is. Land Research Bur. v. Young [7 Misc 2d 469], that such a taking carries with it the obligation to compensate the owner for his loss. The rule applicable to both cases has been stated by the Court of Appeals in Arverne Bay Const. Co. v. Thatcher (278 N. Y. 222, 232) as follows: ‘ An ordinance which permanently so restricts the use of property that it cannot be used for any reasonable purpose goes, it is plain, beyond regulation, and must be recognized as a taking of the property. The only substantial difference, in such case, between restriction and actual taking, is that the restriction leaves the owner subject to the burden of payment of taxation, while outright confiscation would relieve him of that burden. ’ ’ ’
The attempt to distinguish the present case from the Long Is. Land Research and Waldorf decisions on the ground that the subject property was owned by two people between 1932 and 1958 is lacking in persuasiveness. It seems to be an explanation without a reason.
The respondent board also contends that the property should remain empty and unused, or that it should be bought by the adjoining owners. But the mere statement of this position shows its unreasonableness. Under the ordinance, without a variance, the prior owners could not build and the petitioner cannot; the prior owners could not sell and the petitioner cannot; the only person who could have any use for it would be the adjoining owner who might or might not wish to expand his holdings. Thus for all intents and purposes the owner has been deprived of its property and the incidents thereto.
The contention that the present owner’s position is a self-imposed hardship because it purchased the property with knowledge of the zoning restriction is to say that the previous owner could not sell. If a prospective purchaser cannot use, the property has no sales value. The prior owner is then deprived of an important incident of ownership involved in the constitutional right to property, that is, the right to sell. Thus, the preclusion of the petitioner’s right to use the property merely because it purchased it in 1958, after the effective date of the ordinance, is *179 a violation of the constitutional right of the petitioner and also of the prior owner vendors.
The petition is granted. The town shall issue a permit.
Settle order on notice.