BRANDAU v. CITY OF GROSSE POINTE PARK.

1. APPEAL AND ERROR — QUESTIONS REVIEWABLE — AMENDMENT OF ZONING ORDINANCE — DETERMINATION OF VALIDITY.

Validity of defendant city's zoning ordinance as applied to plaintiffs' property is determined as the ordinance stood when action was commenced, not as the ordinance stood after amendment subsequent to commencement of such action, especially where it is not shown plaintiffs sought to use the property in a manner permitted and regulated by the amendment (City of Grosse Pointe Park Zoning Ordinance, § 5.18).

2. MUNICIPAL CORPORATIONS—ZONING—RESIDENCE—VALUE.

Evidence adduced in action to declare zoning ordinance invalid as applied to plaintiffs' property located in a 5-block area along a city street and classified as a residence area limited to private dwellings, churches, schools, libraries, museums, and educational institutions, accessory uses and off-street parking facilities, *held,* to support trial court's finding that the property had no value for residence purposes (City of Grosse Pointe Park Zoning Ordinance, § 5.18).

3. SAME—ZONING ORDINANCE—REASONABLENESS.

Each case involving the reasonableness of a municipal zoning ordinance must be determined on its own facts, the reasonableness of the ordinance being the test of its legality.

4. SAME—ZONING ORDINANCE—APPLICATION TO PARTICULAR TRACT.

More than a debatable question must be presented as to the validity of a municipal zoning ordinance before a court may find invalid action by a legislative body which adopted the zoning ordinance and hold the ordinance invalid so far as it applies to particular tract involved.

5. SAME—ZONING ORDINANCE—LIMITATION OF USE—VALUE.

A city may limit the use of property by a zoning ordinance but may not render it useless, value under the limited use not being a controlling factor, but a factor which may be given consideration in determining validity of the ordinance.

6. SAME—ZONING ORDINANCE.

Plaintiff owners of property in a 5-block area along a city street that had been limited by zoning ordinance to private dwellings,

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 241.
[2] 58 Am Jur, Zoning § 140.
[3, 4] 58 Am Jur, Zoning §§ 21, 22.
[5, 6] 58 Am Jur, Zoning §.137 *et seq.*
[7] 5 Am Jur 2d, Appeal and Error § 1009.

churches, schools, libraries, museums, and educational institutions, accessory uses and off-street parking facilities, whereas property across street and at either end of the 5-block area are zoned or used for commercial or municipal purposes, *held*, to have sustained their burden of proof that the zoning ordinance was invalid as to them, where it appears the property is valueless for residential purposes and enforcement of the ordinance by limiting use to off-street parking for adjacent buildings as permitted would be, in effect, to give adjacent property owners an unearned advantage without a showing of any public good to be served thereby (City of Grosse Pointe Park Zoning Ordinance, § 5.18).

7. Costs—Public Question—Validity of Zoning Ordinances.

*No costs are allowed in action to declare zoning ordinance limiting use of plaintiffs' property to residence or off-street parking uses invalid, a public question being involved.* (See headnote 9.—Reporter.)

ON REHEARING.

8. Municipal Corporations—Zoning Ordinance—Remand—Questions of Fact.

Action to declare defendant city's zoning ordinance unconstitutional as to plaintiffs' property and to enjoin enforcement of the ordinance as to those lands is, on rehearing, ordered remanded pursuant to court rule, for trial and a determination of the factual issues involved, where trial court erroneously dismissed action based on the unamended ordinance (GCR 1963, 504.2; City of Grosse Pointe Park Zoning Ordinance, § 5.18).

9. Costs—Validity of Zoning Ordinance—Remand.

Costs on appeal in action to declare defendant city's zoning ordinance unconstitutional as to plaintiffs' property and to enjoin enforcement of the ordinance as to those lands are ordered, on rehearing, to abide the final result, where case is remanded for determination of factual issues involved (City of Grosse Pointe Park Zoning Ordinance, § 5.18).

Appeal from Wayne; Fox (Raymond W.), J., presiding. Submitted Division 1 March 8, 1966, at Detroit. (Docket No. 125.) Decided December 8, 1966. Rehearing granted and decided January 31, 1967. Opinion on rehearing filed February 2, 1967.

Complaint by Edgar Brandau, Elma Brandau, Hilda Brandau, Louis Brandau, Mary S. Harms (for whom Raymond E. Harms was substituted as executor of her estate during pendency of the action), William J. McBrearty and Jessie McBrearty, and William R. McBrearty and Barbara McBrearty against the City of Grosse Pointe

Park to have defendant's zoning ordinance declared unconstitutional as applied to certain lands in which plaintiffs had interests, and to enjoin enforcement of the ordinance as to those lands. Judgment for defendant. Plaintiffs appeal. Reversed and, on rehearing, remanded for trial and determination of the factual issues involved.

*William J. McBrearty, Robert D. Dunwoodie,* and *Dykema, Wheat, Spencer, Goodnow & Trigg,* for plaintiffs.

*Richard D. Rohr (Bodman, Longley, Bogle, Armstrong & Dahling,* and *Michael B. Lewiston,* of counsel), for defendant.

T. G. KAVANAGH, J.  Plaintiffs appeal from a dismissal of their cause of action below, wherein they sought to have defendant city's residential zoning ordinance decreed unconstitutional and void as applied to their property and to enjoin its enforcement.

Subsequent to the commencement of this action, an amendment to the zoning ordinance was adopted, which regulated the use of such property for gasoline stations, and plaintiffs McBrearty filed a supplement to their bill, seeking to have this amendment declared invalid as well. We cannot pass on this question until it is shown plaintiffs sought to use the property in such a manner after the amendment and a denial of this use pursuant to the amended ordinance. Therefore, this opinion is limited to a determination of whether the lower court erred in granting defendant's motion to dismiss on the ground that the plaintiffs had not shown that the property could not be used for a purpose permitted under the ordinance prior to its amendment.

The plaintiffs' lots, situate in a five block area along Jefferson avenue, are classified residence A. The lots on the north side of Jefferson avenue in this area are zoned for, and/or used for commercial or municipal purposes. Those on the south side of Jefferson avenue are similarly zoned and/or used, except for the plaintiffs' property and two other vacant lots, both of which are municipally owned.

Section 5.18 of the ordinance[1] provided for specified types of buildings and for off-street parking facilities established and maintained in compliance with §§ 5.14 to 5.17. These sections refer to use of the property for parking as an adjunct to a permitted use of other property.

The record supports the trial court's finding that the property has no value for residential purposes. Thus the issue narrows to a determination of whether the off-street parking provision saves the constitutionality of the ordinance, so as to require an affirmance of the granting of defendant's motion for dismissal below.

We focus our attention first upon two oft-repeated and governing principles in the adjudication of contested zoning ordinances—here quoted from *Warner* v. *City of Muskegon* (1955), 344 Mich 408, 410:

"In determining the reasonableness of a zoning ordinance each case must be determined on its own facts. The ordinance must be reasonable and its reasonableness becomes the test of its legality."

Since the property here cannot be used for residential purposes, it follows that the permitted use of off-street parking adjunct to other property requires the owners of the property in question either to acquire other property so to use it, or to convey

---

[1] "In a residence A district no building or premises, except as otherwise provided in this chapter, shall be erected or used except for 1 or more of the following specified purposes.

"(1) Private dwellings.

"(2) Churches, public schools, and public libraries and museums.

"(3) Private schools, museums and educational institutions when permitted by the board of appeals as specified in section 5.43(6).

"(4) Accessory uses customarily incident to any of the above permitted uses, including not more than 1 private garage, or stable, for each lot, and including signs pertaining to the sale, lease or use of a lot or building placed thereon, and not exceeding 6 square feet in the area of any 1 lot, except as provided in section 5.43(5). Dwellings for the use of domestic employees of the owners, lessees or occupants of the principal dwelling on a lot shall be considered accessory buildings; but, if containing a complete housekeeping unit or units, shall conform to all the height and yard requirements for dwellings in the district in which they are located.

"(5) Off-street parking facilities established and maintained in compliance with sections 5.14 to 5.17."

their property to the owners of such other property. Is it reasonable so to limit the plaintiff, absent a showing of any public need?

In determining reasonableness, Michigan case law has taken many factors into consideration.   See *Burrell* v. *City of Midland* (1961), 365 Mich 136, and *Alderton* v. *City of Saginaw* (1962), 367 Mich 28, and the cases cited therein.[2]

The composite picture painted by the evidence below portrays a situation wherein property owned for up to 50 years by some of the plaintiffs or their families has lain vacant and unproductive while adjacent property, put to commercial use, has furnished substantial income and profit for its owners, that under the unamended ordinance the property must continue to be "dead land" or be sold to adjacent land owners for their use for parking facilities at a price far below that which commercially-zoned neighboring property has realized.   Although the value of the property if zoned commercial is not itself a controlling factor, it can properly be given consideration.   See *Alderton, supra.*

We note in passing that the city has shown no public need for additional off-street parking, and that there is in fact, vacant municipal land nearby which could be devoted to such use.   In *Long* v. *City of Highland Park* (1950), 329 Mich 146, the Supreme Court found *inter alia* that the school board or city had been negotiating to buy the property in question, presumably at its worth as zoned residential, which was a small percentage of its

---

[2] *Alderton, supra,* p 33, is of further value to the instant case for its classification of the debatable question rule of *Brae Burn, Inc.,* v. *City of Bloomfield Hills* (1957), 350 Mich 425, which defendant city relied upon.

"The debatable question rule presented in *Brae Burn, supra,* does not mean that such a question exists merely because there is a difference of opinion between the zoning authority and the property owner in regard to the validity of the ordinance.   If this were the case, no ordinance could ever be successfully attacked."

.worth for business purposes. The court affirmed a holding that the ordinance which so restricted its use was unconstitutional and void when applied to the property. Here, the effect of upholding the contested ordinance would be to give the unearned advantage of a similar "windfall" to adjacent property owners without a showing of any public good to be served thereby.

We cite some particularly apt language from *Long Island Land Research Bureau, Inc.*, v. *Young* (1957), 7 Misc 2d 469, 471 (159 NYS2d 414):

"It [the municipality] is under an absolute duty to make adequate provisions for such parcels. While it can limit their use, it cannot render them useless. * * * It cannot compel him [the owner] to sell to an adjoining owner nor can it require him to purchase additional contiguous property, if such is available."

The burden of proving the unreasonableness of the ordinance as applied to plaintiffs' property was sustained below, and the court erred in dismissing the cause of action. Since we find such application of the unamended ordinance unreasonable, it is void as applied to plaintiffs' property.

*Reversed. No costs, as a public question is involved.* (See opinion on rehearing below.—REPORTER.)

LESINSKI, C. J., concurred.

Although the late Judge WATTS heard oral argument on the above matter, he took no part in the decision in this case.

### ON REHEARING.

T. G. KAVANAGH, J. Application for rehearing of this case having been granted, the last paragraph of the opinion filed December 8, 1966, is amended, after a consideration of the defendant's brief and plaintiffs' response thereto, and pursuant to GCR 1963, 820.1(7), to read as follows:

Reversed. The cause is remanded pursuant to GCR 1963, 504.2, for trial and a determination of the factual issues herein. Costs to abide final result.

LESINSKI, C. J., and LEVIN, J., concurred.