## MUFFENY *v.* CITY OF SOUTHFIELD.

1. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—PRESUMPTIONS.
   A municipal zoning ordinance is presumed valid.

2. SAME—ZONING ORDINANCE—BURDEN OF PROOF.
   The party attacking a municipal zoning ordinance has the burden of establishing affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property.

3. SAME—ZONING ORDINANCE—APPEAL AND ERROR.
   A reviewing court should not overturn a municipal zoning ordinance unless it appears that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  58 Am Jur, Zoning § 16.
[3, 4]  58 Am Jur, Zoning § 21 *et seq.*
[5, 9]  58 Am Jur, Zoning § 229 *et seq.*
[6]  58 Am Jur, Zoning § 33 *et seq.*
[7]  58 Am Jur, Zoning § 255.
[8]  58 Am Jur, Zoning § 14 *et seq.*
[10]  5 Am Jur 2d, Appeal and Error §§ 986, 987.

4. Same—Appeal and Error—Zoning Ordinance.

The relative values of competing uses and the proximity of non-conforming uses are matters primarily for legislative concern, and a reviewing court will not overturn a municipal zoning ordinance unless there appear to be a capricious and irrational invasion of property, the merits undebatable by reasonable men, or the action indefensible to any save those whose minds have been made incandescent by partisan zeal, or pursuit of gain.

5. Same — Appeal and Error — Court of Appeals — Superzoning Board.

The Court of Appeals does not sit as a superzoning board.

6. Same—Zoning Ordinance—Residence—Commercial Use—Disparity of Value—Confiscation.

Plaintiff's contention that municipal zoning ordinance which restricts his property to residential use rather than commercial *held*, without merit, merely because of substantial disparity of value between property used for residential purposes and property used for commercial purposes, where such disparity does not prove confiscation.

7. Same—Appeal and Error—Zoning Case—De Novo Review.

An appeal from a zoning case is heard *de novo* by the Court of Appeals.

8. Same—Determination of Validity of Zoning Ordinance.

The validity of each municipal zoning ordinance must be determined on its own facts and circumstances.

9. Same—Zoning Ordinance—Reasonableness—Appeal.

Findings of trial court that municipal zoning ordinance complained of by plaintiff was reasonable as it affected plaintiff's property *held*, proper, where from an examination of the entire record the Court of Appeals cannot say it would have reached a result different than that reached by the trial court.

10. Appeal and Error—Scope of Review—Rehearing.

Decision of Court of Appeals is limited to matters on appeal from judgment of the trial court and order denying rehearing and does not include a review of the denial of plaintiff's "motion for rehearing on the motion for rehearing" based on newly-discovered evidence.

Appeal from Oakland; Beer (William John), J. Submitted Division 2 October 5, 1966, at Lansing. (Docket No. 630.) Decided February 14, 1967.

Complaint by Edward L. Muffeny against the City of Southfield, a Michigan municipal corporation, to enjoin enforcement of a zoning ordinance as to his property. Judgment for defendant. Rehearing denied. Plaintiff appeals. Affirmed.

*Louis E. Fairbrother* (*David M. Miro*, of counsel), for plaintiff.

*James M. Ginn*, for defendant.

N. J. KAUFMAN, J.   This is an appeal from denial by the zoning board of the city of Southfield for a change in the zoning applicable to the property in question. The matter was appealed to the circuit court and after testimony the learned judge upheld the zoning board.

The essential facts are admitted in the pleadings: (1) Plaintiff is a resident and property owner of the northwest corner of Lahser road and 12 Mile road and holds an option for the southeast corner of Lahser road and 12 Mile road; (2) defendant city has adopted a city ordinance whereby the southeast corner of Lahser road and 12 Mile road is zoned residential; and (3) plaintiff has exhausted all local remedies.

The property is situated at the southeast corner of the intersection of Lahser road and 12 Mile road. South of the property is a residential home that is also used as a commercial nursery. The commercial use was in effect prior to the adoption of the ordinance and is a nonconforming use. To the south of the nursery is a large church and parking lot with a blacktop road fronting on and facing plaintiff's property. The zoning ordinance for the city of Southfield allows churches in residential property.

This is a typical zoning case in a growing community. Plaintiff alleged and introduced testimony to show that the property in question is far better suited for commercial rather than residential use. The testimony brought forth the following points: (1) There is heavy traffic on both Lahser road and 12 Mile road; (2) although the premises in question contain 8.5 acres, usable land by virtue of required setbacks would be 6.75 acres, and platting of such area and sale of homes would be difficult by virtue of the size and location; (3) ingress and egress from any proposed plat for residential purposes would make it mandatory for a drive through from Lahser road or 12 Mile road in order for motorists to avoid traffic at such corner; (4) nearby subdivisions utilize cul-de-sacs and service roads in order to create a buffer between 12 Mile road and dwellings, which would not be possible for plaintiff by virtue of the size of the land; (5) there is a constant increase in density of population of the area, and need for commercial facilities at the location by residents of neighboring subdivisions exists; and (6) residents at this location would find it hard to get financing.

The city in turn introduced expert testimony to the effect that: (1) The land in question could be used for residential purposes; (2) financing was available for residential purposes in this location; and (3) there are ample shopping areas nearby.

Experts from both sides agreed that both 12 Mile road and Lahser road are heavily-trafficked arteries; and both appellant and appellee agree that on June 20–21, 1962, a traffic survey showed that 16,023 vehicles passed through the intersection during a 24-hour period. All expert witnesses of both appellant and appellee agree that the value of the land involved would be considerably higher for commercial use than for residential use.

Plaintiff contends that the zoning in question is improper, that the decision of the trial court is erroneous and should be reversed.

The ordinance comes before us clothed with every presumption of validity. *Alderton* v. *City of Saginaw* (1962), 367 Mich 28. It is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property. *Padover* v. *Township of Farmington* (1965), 374 Mich 622; *Bassey* v. *City of Huntington Woods* (1956), 344 Mich 701.

While the party affected may have a different opinion as to the reasonableness of the ordinance, "it must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness." *Brae Burn, Inc.,* v. *City of Bloomfield Hills* (1957), 350 Mich 425, 432.

Such factors as the relative values of competing uses and the proximity of nonconforming uses are matters primarily for legislative concern "unless, as noted, we have patently a capricious and irrational invasion of property, the merits undebatable by reasonable men, the action indefensible to any save those whose minds have been made incandescent by partisan zeal or pursuit of gain." *Brae Burn, Inc.,* v. *City of Bloomfield Hills, supra,* at p 438. See, also, *Paka Corporation* v. *City of Jackson* (1961), 364 Mich 122. This Court cannot sit as a super-zoning board and determine the desirability and need of commercial facilities at the intersection of 12 Mile road and Lahser road. This is a legislative function. *Brae Burn, Inc.,* v. *City of Bloomfield Hills, supra.*

The disparity of value between property used for residential purposes and property used for commercial purposes will always exist and does not

prove confiscation. *Brae Burn, Inc.,* v. *City of Bloomfield Hills, supra.*

In the case at bar, there is substantial disparity in value between the 2 uses—commercial and residential. However, witnesses on both sides are of the opinion the property in question may be used for residential purposes.

From reading cases on zoning, certain principles applicable to this case appear and it is clear that: (1) Each zoning case is heard on its own merits; (2) on an appeal from a zoning case, the appellate court hears the case *de novo;* (3) an ordinance comes clothed with every presumption of validity; and (4) the trial court as well as the appellate court should give consideration to the difference in values. As so beautifully stated in *Brae Burn, Inc.,* v. *City of Bloomfield Hills, supra,* at pp 430, 431;

"We are brought, then, to the merits of the zoning scheme itself. In view of the frequency with which zoning cases are now appearing before this Court, we deem it expedient to point out again, in terms not susceptible of misconstruction, a fundamental principle: this Court does not sit as a superzoning commission. Our laws have wisely committed to the people of a community themselves the determination of their municipal destiny, the degree to which the industrial may have precedence over the residential, and the areas carved out of each to be devoted to commercial pursuits. With the wisdom or lack of wisdom of the determination we are not concerned. The people of the community, through their appropriate legislative body, and not the courts, govern its growth and its life. Let us state the proposition as clearly as may be: It is not our function to approve the ordinance before us as to wisdom or desirability. For alleged abuses involving such factors the remedy is the ballot box, not the courts. We do not substitute our judgment for that of the legislative body

charged with the duty and responsibility in the premises. As Willoughby phrased it in his treatise, Constitution of the United States (2d ed, 1929), vol 1, § 21, p 32: 'The constitutional power of a lawmaking body to legislate in the premises being granted, the wisdom or expediency of the manner in which that power is exercised is not properly subject to judicial criticism or control.' We held similarly in *Tel-Craft Civic Association* v. *City of Detroit* [1953], 337 Mich 326."

The trial court found in favor of defendant and rendered its opinion, stating in part as follows:

"I find factually the area beginning at Lahser and 12 Mile road and extending a mile in any direction is residential. In effect, all witnesses agree to this. This I say even though Lahser and 12 Mile road are arteries carrying heavy traffic."

From an examination of the entire record we cannot say we would have reached a result different than that reached by the trial court. *Christine Building Company* v. *City of Troy* (1962), 367 Mich 508.

After the trial court's ruling on the original motion for rehearing, what plaintiff called a "motion for rehearing on the motion for rehearing" based on newly-discovered evidence was filed and subsequently denied by the trial court. However, plaintiff is appealing only from the decision of the trial court and order denying motion for rehearing. As conceded in oral argument before this Court, plaintiff is not appealing the denial of a "motion for rehearing on the motion for rehearing" which was based on the newly-discovered evidence, and this Court is limiting its decision to the matters on appeal.

The judgment of the trial court is affirmed. Costs to appellee.

QUINN, P. J., and McGREGOR, J., concurred.