## BUGARIU v. BUGARIU.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—FIND-
   INGS OF TRIAL COURT.
      The Court of Appeals hears a chancery case *de novo* on the
      record, but gives considerable weight to the trial judge's
      findings of fact.

2. EVIDENCE—BURDEN OF PROOF—MISTAKE.
      The burden of proof is strongly upon a party claiming mistake
      and seeking to set aside a deed, and clear evidence is re-
      quired.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 822.
[2] 29 Am Jur 2d, Evidence § 142; 36 Am Jur, Mistake § 455.
[3, 4] 23 Am Jur 2d, Deeds §§ 155–158; 29 Am Jur 2d, Evidence
      § 142; 36 Am Jur, Mistake § 455.
[5] 23 Am Jur 2d, Deeds §§ 155, 157,

3. Same—Burden of Proof.

    The party having the burden of proof of mistake in action to set aside a deed bears the onus of any gaps or weaknesses in the evidence.

4. Deeds—Evidence—Burden of Proof—Fraud—Misrepresentation—Mistake.

    Plaintiff seeking to set aside a deed *held*, not to have sustained the burden of proving fraud or actionable misrepresentation, nor did he sustain the burden of proving mistake, where there was no testimony of misrepresentation, and only his own weak testimony on mistake.

5. Same—Mistake of Law—Mistake of Fact.

    A mistaken impression about the legal effect of a deed might be characterized as one of law and not of fact, but the court does not pass on the question whether such a mistake would be a basis for rescission or reformation of a deed where an answer to the question is not necessary to decision.

Appeal from Jackson; Dalton (John C.), J. Submitted Division 2 June 6, 1967, at Lansing. (Docket No. 2,855.) Decided December 4, 1967.

Bill of complaint for divorce and to set aside a deed by Constantin Bugariu against Sofia Bugariu and Nicholaus Egrich. Cross-bill for separate maintenance by defendant Sofia Bugariu. Judgment of separate maintenance for defendant Bugariu; request to set aside deed denied. Plaintiff appeals. Affirmed.

*Davidow & Davidow*, for plaintiff.

*George R. Campbell*, for defendants.

Baum, J. Plaintiff Constantin Bugariu filed a suit for divorce against his wife Sofia. He also named as a defendant Nicholaus Egrich, his wife's adopted son by a former marriage. Plaintiff asked the trial court to set aside a deed which conveyed a

farm to himself, his wife, and Egrich. Before the conveyance, plaintiff and his wife held title as tenants by the entireties.

The defendant Sofia Bugariu answered the complaint and filed a cross-bill seeking separate maintenance. Defendant Egrich filed an answer which contested the plaintiff's right to have the deed set aside.

The trial judge dismissed the husband's complaint for divorce, awarded a judgment of separate maintenance to the wife and refused to set aside the deed.

In oral argument before this Court, the plaintiff abandoned his claim that the trial judge erred in granting separate maintenance to the defendant wife. However, the plaintiff continued to press the claim that the trial judge erred in refusing to set aside the deed to defendant Egrich. The question before us is whether the trial judge erred in so refusing.

Plaintiff's prayer to have the deed set aside invoked the chancery powers of the trial court. This Court hears such a case *de novo* on the record, but gives considerable weight to the trial judge's findings of fact. *Christine Building Company* v. *City of Troy* (1962), 367 Mich 508.

The plaintiff's theory is twofold. First, he claims that fraudulent representations by the defendants induced the plaintiff to execute the deed. Second, he contends that there was a mistake on the part of all three parties in that they intended that the deed should operate only to vest Egrich with title upon the death of his mother and foster father and did not intend to convey to Egrich a present right of possession. The deed, of course, did give Egrich, as one of three joint tenants, a present undivided right to possession of the farm,

With respect to the claim of fraud, the record reveals no evidence of any knowingly false representations by either of the defendants. Moreover, we are not convinced by the evidence that Sofia Bugariu or Nicholaus Egrich made any representations, either false or innocent, that the deed would create only a future interest in Egrich. Plaintiff simply has not proved facts which entitle him to relief for fraud or misrepresentation.

Likewise, plaintiff has failed to sustain the burden of proof which falls to him as the party claiming mistake. In *Miles* v. *Shreve* (1914), 179 Mich 671, 679, the Michigan Supreme Court determined that the "burden of proof is strongly upon the party" claiming mistake. *Ross* v. *Damm* (1935), 271 Mich 474, requires "clear evidence" of mistake. In the instant case the plaintiff has failed to prove mistake by even a preponderance of the evidence.

By plaintiff's own testimony, the purpose of the conveyance was to vest title in Egrich upon the death of his parents without the necessity of probate. A common means for accomplishing such a purpose is a conveyance of the property into a joint estate between the original titleholder and the person who is to take upon the original titleholder's death. It appears likely that the parties had just such a purpose in making the conveyance in question.

Moreover, there was credible testimony that in making the conveyance the plaintiff and his wife had an additional purpose, which was to protect the property from possible future claims of their creditors. A conveyance into a present joint estate with Egrich would be consistent with such a purpose.

There was also persuasive testimony that Egrich had advanced substantial sums of money to his parents for maintenance of the farm and to stave off foreclosure. From this evidence the trial judge

seemingly inferred that the parents conveyed a present possessory interest to Egrich in recognition of his financial contribution. There is nothing in the evidence which inclines us to disturb such inference.

The deed in question was prepared by an attorney named John Smith, who had been engaged by the plaintiff. The parties to this suit, along with Smith and a man named Alldredge, were present when the deed was signed. Neither Alldredge nor Smith was produced as a witness at trial. There is no explanation in the record of their absence. The testimony of the attorney who advised the parties would probably have been enlightening on the question of their intention. His unexplained absence from the witness stand does not help the plaintiff.

As the record stands, there is no disinterested testimony supporting the plaintiff's claim of mistake. Indeed, there is only his own testimony which is extremely weak at best. In such a situation the party having the burden of proof bears the onus of any gaps or weaknesses in the evidence.

In short, a careful reading of the record does not convince us that the creation of a present joint tenancy with Egrich was contrary to the intention of the parties, or any of them. No mistake is shown.

Plaintiff insists that all of the parties intended that Egrich should have a proprietary interest upon the death of his parents. We note in passing that the relief which plaintiff prays—cancellation of the deed—would leave Egrich no proprietary interest whatever.

At the time of oral argument, this Court pointed out to plaintiff's counsel that plaintiff was seeking cancellation of the deed and not its reformation to vest a remainder in Egrich following the joint

lives of the Bugarius. Counsel's reply was that after the estrangement of plaintiff and his wife, plaintiff had changed his mind about giving Egrich anything. Such a position is neither equitable nor sound in law.

We conclude, first, that plaintiff did not sustain the burden of proving fraud or actionable misrepresentation; second, that plaintiff did not sustain the burden of proving mistake, inasmuch as he failed to prove an intention on the part of the grantors to create only a future interest in defendant Egrich.

We do not suggest by our decision that the plaintiff would be entitled to rescission or reformation of the deed if he had proved a mistake of the kind he claimed. Such a mistaken impression about the legal effect of a deed might be characterized as one of law and not of fact. We do not pass on the issue of whether such a mistake, if proved, would be a basis for relief.

We plant our decision upon the narrow ground that the plaintiff failed to prove fraud or actionable misrepresentation and failed to prove a mistake of any kind.

For these reasons the judgment of the trial court is affirmed, with costs to the appellees.

Lesinski, C. J., and Quinn, J., concurred.