### BRANDAU *v.* CITY OF GROSSE POINTE PARK

1. ZONING—APPEAL AND ERROR—REVIEW BY COURTS.

    The Court of Appeals in hearing appeals on zoning matters independently reviews all relevant facts in determining the reasonableness of the ordinance.

2. SAME—REVIEW BY COURTS—EVIDENCE—PRESUMPTION.

    A municipal zoning ordinance is presumed valid, with the burden of showing the ordinance's invalidity resting on the party attacking it; the findings of the trial court regarding the ordinance will not be set aside unless clearly erroneous (GCR 1963, 517.1).

3. SAME—REVIEW BY COURTS—EVIDENCE—SUFFICIENCY.

    A showing by a party attacking a zoning ordinance that there is a debatable question as to the propriety of the zoning ordinance is not enough to overturn it.

4. SAME—REVIEW BY COURTS—EVIDENCE—VALUE OF PROPERTY.

    Plaintiffs' claim that their property was worthless as residential property, and therefore that a zoning ordinance so zoning it was unreasonable, *held,* without merit where plaintiffs purchased the property at residential prices knowing how it was zoned, where no valid attempt was made to use the property for residential purposes, and where there was no effective showing that there was no market value for the land as zoned.

Appeal from Wayne, Fox (Raymond W.), J., presiding.   Submitted Division 1 October 10, 1968, at

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Zoning §§ 229, 250, 255, 258.
[2]  58 Am Jur, Zoning § 256.
[3]  58 Am Jur, Zoning § 258.
[4]  58 Am Jur, Zoning §§ 21, 139, 140.

Detroit.   (Docket No. 4,742.)   Decided January 31, 1969.   Leave to appeal granted April 16, 1969.   See 381 Mich 815.

Complaint by Edgar Brandau, and other property owners similarly situated, against the city of Grosse Pointe Park, Michigan, a municipal corporation, for declaratory judgment that certain provisions of defendant's zoning ordinance are unconstitutional and for an injunction restraining the enforcement of those provisions.   Judgment for defendant.   Plaintiffs appeal.   Affirmed.

*Dykema, Wheat, Spencer, Goodnow & Trigg (Robert D. Dunwoodie,* of counsel), and *William J. Mc-Brearty,* for plaintiffs.

*Bodman, Longley, Bogle, Armstrong & Dahling (Richard D. Rohr* and *Michael B. Lewiston,* of counsel), for defendant.

R. B. BURNS, J.   Plaintiffs appeal a judgment of the trial court holding defendant's zoning ordinance constitutional as applied to plaintiffs' property. The issue is whether the entire record supports this finding.

Plaintiffs own 6 lots in Grosse Pointe Park which are located in a 5-block area along Jefferson avenue. All of their lots front on residential streets having single-family residences and all have been classified residence A since 1928.*   However, with the excep-

---

* Section 5.18 of the city's ordinance, adopted February 27, 1928, reads as follows:

"In a residence A district no building or premises, except as otherwise provided in this chapter, shall be erected or used except for 1 or more of the following specified purposes.

"(1) Private dwellings.

"(2) Churches, public schools, and public libraries and museums.

"(3) Private schools, museums and educational institutions when permitted by the board of appeals as specified in section 5.43(6).

tion of plaintiffs' property and 2 municipally owned vacant lots on the south side of Jefferson avenue, all lots fronting on Jefferson in this 5-block area are zoned for commercial or municipal purposes. Plaintiffs argue that the adjoining commercial properties have made plaintiffs' property unfit for residential use and that it is discriminatory not to rezone their lots to a commercial classification.

This case has been partially before the Court in *Brandau* v. *City of Grosse Pointe Park* (1966), 5 Mich App 297, wherein we had to determine the propriety of the trial court's granting of defendant's motion to dismiss under GCR 1963, 504.2. At that time we decided in plaintiffs' favor but later remanded for trial and a full determination of the factual issues. Plaintiffs now appeal as a result of that determination.

This Court in hearing zoning matters independently reviews all relevant facts in determining the reasonableness of the ordinance involved. But this Court does so with 3 precepts in mind: that a municipal ordinance is presumed valid; that the burden of persuasion to show the ordinance's invalidity lies upon the party attacking it; and that the findings of the trial court regarding the ordinance will not be set aside unless clearly erroneous. See *Reid* v. *City of Southfield* (1967), 8 Mich App 553, and *Muffeny* v. *City of Southfield* (1967), 6 Mich App 19. See also GCR 1963, 517.1.

---

"(4) Accessory uses customarily incident to any of the above permitted uses, including not more than 1 private garage, or stable, for each lot, and including signs pertaining to the sale, lease or use of a lot or building placed thereon, and not exceeding 6 square feet in the area of any 1 lot, except as provided in section 5.43(5). Dwellings for the use of domestic employees of the owners, lessees or occupants of the principal dwelling on a lot shall be considered accessory buildings; but, if containing a complete housekeeping unit or units, shall conform to all the height and yard requirements for dwellings in the district in which they are located.

"(5) Off-street parking facilities established and maintained in compliance with sections 5.14 to 5.17."

From the entire record it is clear that the judgment below should not be disturbed. At most the record shows the existence of a debatable question as to the propriety of the zoning and this is not enough to overturn the ordinance. See *Muffeny, supra,* and *Brae Burn, Inc.* v. *City of Bloomfield Hills* (1957), 350 Mich 425.

Looking at the evidence produced by plaintiffs, it is apparent that they have not conclusively established that they could not reasonably use their property as zoned. Plaintiffs purchased their property at residential prices fully aware of the restrictions and zoning governing them. However, the record discloses that plaintiffs never made a valid attempt to utilize these lots for residential purposes nor made a serious attempt to sell these lots at residential prices. They have not shown that such attempts would have been useless. Instead plaintiffs have only been interested in commercial prices for their lots and in fact bought on the speculation that the property, if rezoned, would be used commercially. But plaintiffs made no effective showing that a market is non-existent for this land as zoned, nor did they make a positive showing that an expansion of commerce in this area was necessary or desirable. In fact, plaintiffs failed to produce any witnesses actually engaged in residential construction in the area while defendant introduced such a witness who even expressed interest in building residences on these lots. Plaintiffs therefore did not clearly and satisfactorily prove that the ordinance was unreasonable as applied to their property.

The trial court stated:

"On the basis of the testimony offered by the plaintiffs, this court heretofore found that the lots in question had no value for residential purposes. Now that the court has heard the defendant's wit-

nesses, the court finds that the lots in question have value for residential purposes."

The trial judge had a special opportunity to judge the credibility of the witnesses. The trial judge personally viewed the premises in question and his firsthand observations are highly valued. We cannot say we would have reached a different result than that reached by the trial court.

Affirmed. Costs to appellee.

KELLEY, J., concurred.

T. G. KAVANAGH, P. J., did not participate.