GREATER BLOOMFIELD REAL ESTATE CO. *v.* BLOOMFIELD TOWNSHIP

1. ZONING—APPEAL AND ERROR—DE NOVO REVIEW—TRIAL JUDGE'S FINDINGS.

Zoning cases are reviewed *de novo* on the record; however the appellate court gives considerable weight to the trial judge's findings of fact.

2. ZONING—RESIDENTIAL USE—HEAVY TRAFFIC—REASONABLENESS.

The existence of heavy traffic is a factor that indicates that residential use, as required by a zoning ordinance, may be undesirable.

3. ZONING — ORDINANCES — REASONABLENESS — PRESERVATION OF EXISTING CHARACTER.

Preservation of the existing character of an area is a valid consideration in determining how a district is to be zoned.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning §§ 229–231, 255.
[2, 4] 58 Am Jur, Zoning §§ 21–23, 142.
[3] 58 Am Jur, Zoning § 142.
[5, 6] 58 Am Jur, Zoning § 140.

4. ZONING — ORDINANCES — RESIDENTIAL USE — REASONABLENESS — HEAVY TRAFFIC.

   An ordinance zoning an area as residential was not arbitrary and unreasonable even though the area is in close proximity to a major highway which carries between 30,000 and 35,000 vehicles daily, where the area is predominantly residential and the ordinance has a valid purpose, the preservation of the character of the area.

5. ZONING—ORDINANCES—CONFISCATION—DISPARITY IN VALUE.

   A disparity in the value of land between its worth for commercial use and its worth for residential use, its zoned use, does not render the zoning ordinance invalid as confiscatory; to render the ordinance invalid there must be a showing that the disparity is so great that it amounts to a confiscation.

6. ZONING — ORDINANCES — CONFISCATION — DISPARITY IN VALUE — EVIDENCE.

   An ordinance zoning land as residential was not confiscatory even though the property is worth more for commercial use where the property has considerable value as a residential site and the value of the property has appreciated considerably since plaintiff's purchase of the land, at which time the land was zoned residential.

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 June 9, 1971, at Lansing. (Docket No. 8782.)   Decided August 23, 1971.

Complaint by Greater Bloomfield Real Estate Company against the Township of Bloomfield to have the township's zoning ordinance declared unconstitutional as applied to its property.   Judgment for defendant.   Plaintiff appeals.   Affirmed.

*Schlussel, Lifton, Simon & Rands* and *Harry D. Wise, Jr.,* for plaintiff.

*Bond, Dillon & Lang,* for defendant.

Before: DANHOF, P. J., and FITZGERALD and O'HARA,* JJ.

DANHOF, J.  This is a zoning case.  Plaintiff is the owner of a parcel of land located in Bloomfield Township at the intersection of Telegraph Road and Hickory Grove Road.  At present the property is zoned for single-family dwellings.  The plaintiff brought this action seeking a judgment that the zoning ordinance was unconstitutional as applied to its property.  The trial court held that the ordinance was not arbitrary, unreasonable, capricious, or confiscatory and denied relief.  This Court hears such a case *de novo* on the record, but gives considerable weight to the trial judge's findings of fact.  *Bugariu* v. *Bugariu* (1967), 8 Mich App 673, citing *Christine Building Company* v. *City of Troy* (1962), 367 Mich 508.

Hickory Grove Road is a two-lane gravel road. Telegraph Road is a major highway and carries between 30,000 and 35,000 vehicles daily, 25 to 30% of which are commercial vehicles.

The plaintiff argues that the proximity of the property to Telegraph Road renders it so unsuitable for residential use that the ordinance cannot be considered a valid exercise of the police power.

The existence of heavy traffic is a factor that indicates that residential use may be undesirable. However, in this case we have a situation similar to that found in *Muffeny* v. *City of Southfield* (1967), 6 Mich App 19 where in spite of the heavy traffic the land had been developed for residential use.  The record discloses that a number of homes have been constructed along Telegraph Road in recent years and some of these are almost directly across the

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

road from the plaintiff's property. Also, we must agree with the trial court's finding that the area is basically residential even though there is a considerable amount of vacant land near the plaintiff's property.

Preserving the present character of an area is a valid consideration in determining how a district is to be zoned. Here we have an area that is predominately residential and has been zoned residential. What was said in *Anderson* v. *City of Holland* (1956), 344 Mich 706, 711 is in point here:

"Owners of residential property in the vicinity of plaintiff's land are entitled to consideration. Apparently they are using their respective properties in accordance with the provisions of the ordinance. Granting to plaintiff the relief that he is seeking here might result to the prejudice of such others."

The plaintiff argues that the disparity in value between what his property is worth as it is presently zoned and what it would be worth if it were rezoned is so great that it renders the ordinance invalid because it is confiscatory. It is clear that the property would be worth more if it were rezoned. However, disparity in value is not enough. Plaintiff must show that his loss is so great that it amounts to a confiscation. *Lamb* v. *City of Monroe* (1959), 358 Mich 136. The record indicates that the property has considerable value as a residential site. Furthermore, it appears that the residential value of the property has appreciated considerably since the plaintiff purchased it. At the time the property was purchased it was zoned in the same manner as it is presently.

Affirmed, costs to the defendant.

All concurred.