■ In the Matter of ROGER HOROSHKO. ROGER HOROSHKO, Petitioner; TOWN OF EAST HAMPTON, Respondent. (Action No. 1.) LINA HOROSHKO et al., Appellants, v TOWN OF EAST HAMPTON, Respondent. (Action No. 2.) — Proceeding pursuant to EDPL 207 to review a determination of the Town Board of the Town of East Hampton dated October 16, 1981 to acquire certain property by condemnation and appeal from an order of the Supreme Court, Suffolk County (Geiler, J.), entered February 1, 1982, which, in an action to declare Local Law No. 2 of 1976 of the Town of East Hampton and the urban renewal map adopted pursuant thereto unconstitutional as applied to said property, stayed the trial thereof pending the determination of the EDPL 207 proceeding by this court. Determination confirmed and proceeding dismissed, without costs or disbursements. Appeal from the order dismissed as academic in light of our determination in the proceeding, without costs or disbursements. The Town of East Hampton condemned the property in question in order to promote proper development of town land through the elimination of substandard lots (see *Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville*, 51 NY2d 338; *Yonkers Community Dev. Agency v Morris*, 37 NY2d 478, app dsmd 423 US 1010). The exercise of its power of eminent domain rationally serves that valid public purpose (cf. *Matter of Long Is. Land Research Bur. v Young*, 7 Misc 2d 469, 471). Prior to condemnation, a declaratory judgment action was brought by the distributees of the deceased owner of the property in question to determine the constitutionality of Local Law No. 2 of 1976 of the Town of East Hampton and the map adopted pursuant thereto, which, in effect, rendered that property substandard. However, the constitutional questions were, by court order, limited to whether the legislation and map resulted in the property having no reasonable use and resale value. That lawsuit in no way impeded the town from exercising its power of eminent domain although the issues preserved may ultimately be relevant on the question of valuation (cf. *Matter of County of Nassau*, 47 Misc 2d 593, 605; *MacEwen v City of New Rochelle*, 149 Misc 251). Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.